## No. 51

No. 18274. GEORGE H. PHELPS v. FINDLAY (City)

Filed Dec. 26, 1923, 1 Abs. 812

This action seeks to enjoin the collection of a special assessment of some $83,000 against the abutting lots along a section of

## OHIO SUPREME COURT —Continued

the Route 7 of main market roads of the state established by the act of 1913 (103 OL. 155-6) for the permanent improvement of this section, being about one mile in length, in the northern suburb of the City of Findlay.

The improvement was made by the County Commissioners under a contract with the City Council, and the assessment was made by the City to reimburse itself for its portion of the cost assumed in the contract.

The Common Pleas rendered judgment against the plaintiffs upon the pleadings, there being no issue of fact involving the validity of the contract of the assessment made under it. The Court of Appeals affirmed the judgment and neither court rendered any formal opinion, except that the Common Pleas in its journal found that the Commissioners were authorized to make the improvement, and the City to make the assessment under its contract with the commissioners. The improvement was made wholly within the municipal limits, if a state main market road can be said to be municipal territory under our highway code.

The improvement was made solely upon the supposed authority of 6949 GC., and the case involves two legal questions only and they are:

First—Does this action apply to State Main Market Roads, whose improvement and maintenance is under the exclusive control of the State Highway Department, at state expense from 25 per cent of the state levy as provided by the act establishing this particular highway and Sec. 1230 GC.? We had supposed that question settled by the case of Weihr v. Phillips, 103 OS. 249, and, second: Does this section 6949 authorize County Commissioners to use the county road funds to improve a section of a city street irrespective of its character as a state main market road, or is it limited to improvements of inter-county or county roads extending into or through municipal territory? This latter question has not before been before the courts so far as we can discover.

Statement prepared by George H. Phelps, counsel for plaintiff.

Attorneys—George H. Phelps, Findlay, for plaintiff; W. S. Snook, Solicitor, Findlay, for defendant.